# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:12-CV-860-MOC-DSC

| | |
|---|---|
| BRIDGET TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NORTH CAROLINA DEPARTMENT OF REVENUE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #7) filed April 4, 2012; Plaintiff's "Response to Show Cause [Order and] Motion for Leave to File Amended Complaint …" (document #12) filed June 16, 2013; and "Defendant's Memorandum in Opposition …" (document #16) filed July 30, 2013.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that "leave [to amend the pleadings] shall be freely given where justice so requires." Fed.R.Civ.P. 15(a).

On April 17, 2013, Plaintiff was granted an extension of time to respond to Defendant's

Motion to Dismiss.[1]  Plaintiff's response was due May 20, 2013.  As explained in Plaintiff's "Response to Show Cause [Order and] Motion for Leave to File Amended Complaint …" (document #12), her failure to file a timely Motion to Amend or other response to the Motion to Dismiss was due to her counsel's error.

For this reason, Plaintiff's untimely Motion for Leave to Amend will be <u>granted</u>.  The Court warns Plaintiff and her counsel that further failure to comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions.  Sanctions may include Plaintiff and/or Plaintiff's counsel being ordered to pay Defendant's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.  <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>Turner v. Kight</u>, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion for Leave to File Amended Complaint …" (document #12) is **GRANTED**.  <u>Plaintiff shall file her Amended Complaint within five (5) days of this Order</u>.

2. Defendant's "Motion to Dismiss" (document #7) is administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to the parties' counsel; <u>and to the Honorable Max O. Cogburn, Jr.</u>.

---

[1] Defendant has been granted two extensions of the deadline to respond to the Complaint and one extension of the deadline to respond to Plaintiff's Motion for Leave to Amend.

**SO ORDERED**.

Signed: August 22, 2013

David S. Cayer
United States Magistrate Judge