# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:12-CV-860-MOC-DSC

| | |
|---|---|
| BRIDGET TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA DEPARTMENT | ) |
| OF REVENUE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Amended Complaint" (document #22) filed October 15, 2013, and the parties' briefs and exhibits. See documents ##22-24.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be granted in part and denied in part, as discussed below.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This is an action seeking damages and equitable relief for gender and race discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  Plaintiff is an African-American female.  On October 16, 2006, she was hired as a permanent employee by Defendant North Carolina Department of Revenue.

1

Accepting the factual allegations of the Amended Complaint ("the Complaint") as true, Plaintiff served as a Regional Tax Supervisor prior to December 7, 2011. She planned and directed auditing and taxpayer assistance activities for a certain region of the state. According to the State Personnel Handbook, Plaintiff's classification title was Revenue Tax Auditor II. The working title of her position was Audit Supervisor. Plaintiff's essential duties included providing supervision (sixty percent), team leader/complex audits (twenty percent), taxpayer assistance (ten percent), and special assignments (ten percent). Plaintiff contends that she had satisfactory job performance as evidenced by her performance evaluation, objective work performance, and fulfillment of her stated duties. Prior to May 5, 2011, there were five Audit Supervisors. There were three females and two males, Scotty Miller and Clint Hester.

The State Personnel Handbook and Department of Revenue policy provide that any newly-created positions must be posted, recruited and filled based upon objective criteria. Notwithstanding those policies, Defendant promoted two white males, Miller and Hester, to Motor Fuels Manager positions on May 5, 2011. Plaintiff was equally qualified to hold that position. Defendant disputes that these were promotions.

Plaintiff alleges that these positions carried increased responsibilities and pay. Alan Woodard, Director of the Examinations Division and also a white male, announced that Miller and Hester were being "promoted." Defendant changed its organizational chart to reflect that the two men received promotions.

On December 7, 2011, Plaintiff and the two remaining female Audit Supervisors were demoted to the position of "Team Leader" and began reporting to Miller and Hester.

On February 29, 2012, Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging gender and race discrimination

for failure to promote and demotion.  On September 28, 2012, the EEOC mailed Plaintiff a "Right to Sue" letter.

On December 29, 2012, Plaintiff filed her Complaint, which as amended, contains claims for "Violation of Title VII-Continuing Sex/Gender Discrimination (Intentional Discrimination and Pattern and Practice Violations)" and "Violation of Title VII-Racial Discrimination (Intentional Discrimination and Pattern and Practice Violations)."

On October 15, 2013, Defendant filed its Motion to Dismiss contending that Plaintiff has failed to adequately plead her Title VII claims for race and gender-based failure to promote and demotion. Defendant also contends that the Amended Complaint should be dismissed to the extent it can be construed to contain claims for hostile work environment, pattern and practice discrimination, intentional infliction of emotional distress, and punitive damages.[1]

In her brief, Plaintiff does not oppose dismissal of any purported claims for hostile work environment, pattern and practice discrimination, intentional infliction of emotional distress and punitive damages.  Accordingly, the undersigned respectfully recommends that those claims be dismissed.

Remaining are Plaintiff's Title VII claims for failure to promote and demotion based upon gender and race.  Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

---

[1] Within the "General Facts" section of the Amended Complaint, Plaintiff alleges that she "was subject to an increased level of hostility in the work environment." Document #18 at 5.  The Amended Complaint also alleges Plaintiff suffered "humiliation, embarrassment … [and] loss of sleep," id. at 9 and 13, which Defendant construes as a possible claim for intentional infliction of emotional distress and punitive damages.

A.  **Standard of Review**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true).  Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume

their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Title VII makes it an "unlawful employment practice" for any employer "to fail or refuse to hire .. or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim of discrimination in the employment setting, Plaintiff must establish that she (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was performing in a manner that satisfied her employer's legitimate job expectations, and that (4) the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." Jenkins v. Trs. of Sandhills Cmty. Coll., 259 F. Supp. 2d 432, 443 (M.D.N.C. 2003) (quoting EEOC v. Sears Roebuck & Co., 243 F.3d 846, 851 n.2 (4th Cir. 2001)), aff'd, 80 F. App'x 819 (4th Cir. 2003) (unpublished per curiam opinion); see Holland v. Wash. Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007).

Plaintiff alleges that Defendant failed to follow its published policies and procedures by promoting similarly situated white males without considering her. Plaintiff has sufficiently

5

alleged that she had the same qualifications and record of performance as the white males who were promoted. Plaintiff alleges that the new positions were in fact promotions. She has plead that the new positions carried increased responsibilities and pay, and that Defendant announced that Miller and Hester were promoted. While Defendant disputes the truth of these allegations, Plaintiff has plead sufficient facts to support an inference of discrimination here.

Plaintiff has also plead sufficient facts alleging that she was demoted based upon gender and race. Plaintiff alleges that she began to report to her former peer Miller; that her title was changed; and that her supervisory responsibilities were decreased. These facts are sufficient to support an inference of discrimination.

For these reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied as to Plaintiff's Title VII claims for failure to promote and demotion based upon race and gender.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Amended Complaint" (document #22) be **GRANTED IN PART** and **DENIED IN PART**, that is, **DENIED** as to Plaintiff's Title VII claims for failure to promote and demotion based upon race and gender, and **GRANTED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the

right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: November 19, 2013

_____
David S. Cayer
United States Magistrate Judge