IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-860

| | |
|---|---|
| **BRIDGET T. TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| **Vs.** ) | |
| ) | |
| **NORTH CAROLINA DEPARTMENT** ) | |
| **OF REVENUE** ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the Magistrate Judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed by defendant North Carolina Department of Revenue. Finding no error in the Memorandum and Recommendation, the Court will overrule those objections and affirm the recommendation of the Magistrate Judge.

**I.    STANDARD OF REVIEW**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific

1

error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Magistrate Judge's recommendation.

## II. DEFENDANT'S OBJECTIONS

In this case, Honorable David S. Cayer, United States Maigstrate Judge, determined that Plaintiff successfully pled claims for gender and race discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), to wit, claims for failure to promote and demotion based upon her gender and race. With regard to the failure to promote claim, Judge Cayer relied on Plaintiff's allegations that "Defendant failed to follow its published policies and procedures by promoting similarly situated white males without considering her." M&R at 5. Judge Cayer noted Plaintiff's allegations that she had "the same qualifications and record of performance as the white males who were promoted." Id.

With regard to the claim for demotion based on her gender and race, Judge Cayer determined that Plaintiff pled facts "sufficient to support an inference of discrimination." M&R at 6. He noted Plaintiff's allegations that she "began to report to her former peer Miller; that her title was changed; and that her supervisory responsibilities were decreased." Id. Judge Cayer concluded that Plaintiff had successfully pled claims for failure to promote and demotion based upon gender and race, and therefore recommended that Defendant's Motion to Dismiss be Denied as to those claims. However, he recommended dismissal for any "purported claims for

hostile work environment, pattern and practice discrimination, intentional infliction of emotional distress and punitive damages" as Plaintiff did not oppose the dismissal of such claims.

Defendant contends that that Plaintiff has failed to successfully allege that she suffered any "adverse employment action" because "the persons alleged to have been 'promoted' received no salary or classification change, and Plaintiff received no salary or classification change at the time of the alleged 'demotion.'" Def. Obj. at 1 (#28). Defendant further contends that even if the Complaint successfully alleged such an adverse action, the Complaint fails to allege sufficient facts to "plausibly show that the alleged adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" Id. at 2 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). After reviewing the M&R and the parties' briefs, the Court will adopt Judge Cayer's recommendation and deny Defendant's Motion to Dismiss.

IV.   ANALYSIS

Title VII makes it an "unlawful employment practice" for any employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Plaintiff demonstrates a prima face case of race discrimination by showing that: "(1) he is a member of a protected class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." Holland v. Wash. Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

3

Accepting as true the allegations as set forth in the Complaint, the Court finds that Plaintiff has adequately pled a cause of action for gender and race discrimination. Defendant's objections to the M&R are essentially disputes over the veracity of the allegations in the Complaint, and as such, are premature at this state of the litigation. Defendant's argument that the two white male employees received no promotion does little to convince the Court that Plaintiff has not successfully pled a cause of action. The Complaint alleges that "the newly created positions . . . were promotions," were announced to the department as promotions, were reflected as promotions on the department's organizational chart; and eventually led to an increase in salary. Am. Compl. ¶¶ 15, 33 (#18). The Complaint also alleges that subsequent to the co-worker's promotions and Plaintiff's demotion, Plaintiff was forced to "report[] to Scotty Miller." Id. ¶ 23. Accepted as true, the Court agrees with Judge Cayer that such allegations adequately establish that Plaintiff suffered adverse employment action as a result of her gender and race.

Defendant next contends that Plaintiff failed to allege that she suffered an adverse employment action "under circumstances which give rise to an inference of unlawful discrimination." Def.'s Obj. at 2. The Supreme Court has explained that because the facts in Title VII cases will differ, "the prima facie proof required . . . is not necessarily applicable in every respect to differing factual situations." McDonnell Douglas Corp. v. Green, 411 U.S. 792 n. 13 (1973). A showing that a member outside of the protected class received a promotion instead of a plaintiff is sufficient to create an inference of discrimination. Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). In this case, the fourth prong of the prima facie case is established by Plaintiff's allegations that the position was filled by two white male employees with

qualifications comparable to Plaintiff's. Therefore, the Court will overrule Defendant's objections on this point as well.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Objections (#28) are **OVERRULED**, the Memorandum and Recommendation (#25) is **AFFIRMED**, and defendant's Motion to Dismiss for Failure to State a Claim (#22) is **DENIED.**

Signed: April 1, 2014

Max O. Cogburn Jr.
United States District Judge