UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00860-MOC-DSC

| BRIDGET TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF REVENUE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Attorneys' Fees (#62). The time allowed for a response has passed without any filings by Defendant. Having considered the motion and reviewed the pleadings, the court enters the following Order.

### I. Introduction

On December 29, 2012, Plaintiff Bridget Taylor filed suit against Defendant North Carolina Department of Revenue, claiming race and gender discrimination pursuant to Title VII of the Civil Rights Act of 1964. (#1). After Plaintiff dropped her race discrimination claim and proceeded to trial based on her claim that she was demoted and denied promotions due to her gender, a jury found for Plaintiff and awarded her back pay and compensatory damages. (#57). Plaintiff subsequently filed the instant motion for attorneys' fees and costs. (#62).

### II. Legal Standards

#### A. Attorneys' Fees

Title VII allows district courts, in their discretion, to award reasonable attorneys' fees to prevailing parties in actions brought under it. 42 U.S.C. § 2000e–5(k). There is no dispute that

Plaintiff is the prevailing party in this case. "Prevailing plaintiffs in Title VII actions ordinarily are entitled to attorneys' fees unless special circumstances militate against such an award." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 516 (4th Cir. 2012) (citing Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 417 (1978)). The Supreme Court stated in Hensley v. Eckerhart, 461 U.S. 424 (1983) that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. The Fourth Circuit has adopted twelve factors that courts should consider when determining this "lodestar" amount. See Barber v. Kimbrell's. Inc., 577 F .2d 216, 226 n. 28 (4th Cir. 1978) (adopting factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)). These factors include: (1) the time and labor expended; (2) the novelty and difficulty of the question raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity cost in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesireability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees in similar cases. See Johnson. 488 F.2d at 717–19. A party seeking attorneys' fees must set forth complete and accurate time records to enable the court to make an appropriate calculation and award. See Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir.1986).

The party seeking an award of attorneys' fees also has the burden of demonstrating a reasonable fee. Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990); McAfee v. Boczar, 738 F.3d 81, 91 (4th Cir. 2013), as amended (Jan. 23, 2014). As noted by the Fourth Circuit in Plyler,

> [D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Id. (internal quotation marks and citations omitted). "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (citing Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994)). "After calculating the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (internal quotation marks and citation omitted).

### B. Costs

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). This rule creates the presumption that costs should be awarded to the prevailing party. See Delta Airlines, Inc. v. August, 450 U.S. 346, 352 (1981); Teague v. Bakker, 35 F.3d 978, 995-96 (4th Cir. 1990). To overcome this presumption, a district court is required to "justify its decision [to deny costs] by 'articulating

some good reason for doing so.'" Teague, 35 F.3d at 996 (quoting Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)). Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award, with the decision at the district court's discretion. See Delta Air Lines, 450 U.S. at 355; Teague, 35 F.3d at 996. However, the district court's discretion is limited, as generally "only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (quoting Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988)). The Fourth Circuit also recognizes other factors in justifying the denial of an award of costs, such as "their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided." Id.

**III. Analysis**

Plaintiff requests attorneys' fees in the amount of $71,380.75 and costs of $1,891.00.

*A. Reasonableness of Fees*

*1. Hourly Rates*

The court first considers the reasonable hourly rates requested by Plaintiff's Attorneys. Here, attorneys Carlos Watson, Frederick Douglas, and Alex French have all filed declarations stating their educational backgrounds and professional experience in support of their requested hourly rates. Attorney Carlos Watson, who has been practicing law in North Carolina since 2002, requests an hourly rate of $385.00. Mr. Watson states in his declaration that he has handled several complex civil litigation matters in federal and state court, and additionally reflects his significant experience handling Title VII cases. Associate attorneys at the Watson Law Firm

Frederick Douglas and Alex French seek an hourly rate of $175.00. Frederick Douglas has been practicing law since 2013; Alex French has been practicing law since 2014. All of Plaintiff's attorneys state in their affidavits that their hourly rates are commensurate with, or lower than, the rate charged by other attorneys with similar qualifications and experience in the Western District of North Carolina. Similarly, all attorneys aver that the rates charged are reasonable and not absorbed as part of the firm's overhead. Mr. Watson's declaration specifically states that to the extent that any non-lawyer staff performed services in this case, those amounts are deemed overhead and not included in the bill calculating attorneys' fees.

Plaintiff has also submitted to the court the declaration of Eric Montgomery, an attorney with nearly twenty years of litigation experience, including six years at his law firm in Charlotte, NC. Mr. Montgomery states that he has experience with complex civil litigation matters in federal and state court, including employment litigation. Mr. Montgomery states that he is familiar with the prevailing market rate for attorneys handling Title VII cases in this district and that based on such knowledge, the hourly rates sought by the three attorneys in this matter are in line with the prevailing market rates for attorneys with similar experience representing plaintiffs in employment litigation. The court agrees that the rates sought are reasonable and consistent with the prevailing market rate in the Western District of North Carolina for attorneys with similar experience handling similar cases. The court will thus apply that rate when calculating the fee award in this case.

### 2. *Hours Requested*

The court next addresses whether Plaintiff is entitled to compensation for all hours incurred in preparation of her case. Plaintiff's counsel seeks fees for 204.25 billable hours (all

attorneys combined) for work done on this case since it was filed in December 2012[1]. After summary judgment motions were heard and denied by the court at oral argument, this case culminated in a three-day jury trial with a jury verdict in favor of Plaintiff. Plaintiff's counsel has submitted detailed records of the activities performed in connection with representation of Plaintiff in this lawsuit, which the court finds sufficiently thorough to allow it to make an informed decision as to the reasonableness of the hours requested. Mr. Montgomery also stated in his declaration that the total time spent on this case by Plaintiff's attorneys was necessary for competent representation of Plaintiff in this matter. The court finds that the total hours billed in this case are reasonable. Additionally, while Plaintiff dropped her race discrimination claim from her complaint and proceeded at trial based solely on gender discrimination, the court is not required to subtract hours for a dropped or unsuccessful claim if the court finds that the underlying "common core of facts or related legal theories" can be treated together. Wileman v. Frank, 780 F. Supp. 1063, 1066 (D. Md. 1991). Given the similar legal theories and facts in play for Plaintiff's Title VII discrimination claims, the court declines to reduce the hours billed here.

    3. *Calculation of Lodestar Amount*

Finally, the court considers the twelve factors for calculating the "lodestar" amount.

        a.  *Time and Labor Expended*

From original complaint to the jury returning its verdict, this case lasted over two years. It included substantial motion practice and a trial which lasted three days.

---

[1] The court has carefully reviewed the total hours billed (#62-2). Though Mr. Watson did not specify in his declaration the total number of hours that he individually spent on this matter, the court has calculated that he billed 169.7 hours (169.7 x $385= $65,334.5). Mr. French billed 20.1 hours (20.1 x $175 = 3,517.5). Mr. Douglas billed 14.45 Hours (14.45 x $175 = 2,528.75). The total of these three fees is in accordance with the total amount requested of $71,380.75.

### b. *Novelty and Difficulty of Questions Raised*

The complaint here involved a question of gender discrimination under Title VII. While not a novel question of law, proving Title VII discrimination before a jury poses a high degree of difficulty, as juries routinely reject employee claims and return verdicts for employers.

### c. *Skill Required to Perform Legal Services*

In light of the difficulty of establishing a case for gender discrimination under Title VII against an employer, properly performing the legal services required in this case demanded hard work and a high degree of skill from Plaintiff's attorneys.

### d. *Opportunity Costs of Litigation*

As mentioned above, litigating this case took a considerable amount of time and effort, which Plaintiff's attorneys might have instead devoted to other cases and projects.

### e. *Customary Fee for Similar Work*

Based on the 2014-2015 Laffey Matrix, the fees charged by Plaintiffs' lawyers are well within the reasonable range for this type of work.

### f. *Attorneys' Expectations at Outset of Litigation*

While Plaintiff's attorneys believed from the outset that they had a case against Defendant, they were also aware of the risks involved and that Defendant's liability was not a foregone conclusion.

### g. *Time Limitations Imposed*

This factor is not applicable here.

### h. *Amount in Controversy*

Given the jury's award of over $200,000, (#57), it is fair to say the amount in controversy is significant and Plaintiff received a substantial benefit from said award.

    i. *Experience, Reputation, and Ability of Attorneys*

As summarized above, Plaintiff was represented by capable attorneys.

    j. *Undesirability of Case*

This factor is not applicable here.

    k. *Nature and Length of Attorney-Client Relationship*

This is the first time Plaintiff has been represented by these attorneys.

    l. *Fee Awards in Similar Cases*

Based on other cases, the award of attorneys' fees in this case is acceptable. The suggested hourly rates are also commensurate with fee awards in this region. See Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d. 496 (W.D.N.C. 2010); USA Trouser, S.A. de C.V. v. Int'l Legwear Grp., Inc., No. 1:11-CV-00244-MR-DLH, 2014 WL 1230507, at *12 (W.D.N.C. Mar. 25, 2014). There is also precedent to award attorneys' fees even when they exceed the jury's award of damages in Title VII cases, which makes the instant motion appear even more reasonable. See Certain v. Potter, 330 F. Supp. 2d 576, 592 (M.D.N.C. 2004). It is also worth noting that Title VII discrimination cases in the Fourth Circuit have resulted in awards of fees totaling hundreds of thousands of dollars. See Basil v. Maryland Transp. Auth., No. CIV.A. RDB-12-0556, 2015 WL 505951, at *7 (D. Md. 2015); Wileman v. Frank, 780 F. Supp. 1063, 1069 (D. Md. 1991).

After consideration of the above factors, the court concludes that the lodestar figure results in a reasonable fee for these claims. The court calculates the lodestar figure as follows:

| | | |
|---|---|---|
| Watson | $385/hour x 169.7 hours worked | $65,334.50 |
| French | $175/hour x 20.1 hours worked | $3,517.50 |
| Douglas | $175/hour x 14.45 hours worked | $2,528.75 |
| **Total Fee Award** | | **$71,380.75** |

Accordingly, the court will award Plaintiff a total of $71,380.75 in attorneys' fees as the prevailing party on her Title VII discrimination claim.

### B. Costs

Here, the court finds an award of attorneys' costs to Plaintiff, the prevailing party, to be justified. There has been no misconduct on Plaintiff's part, Defendant has not responded to this motion or otherwise demonstrated an inability to pay, and no other relevant factor to justify denial is present. Consequently, the court will award attorneys' costs to Plaintiff at the requested amount of $1,891.00.

### IV. Conclusion

For the reasons explained herein, the court shall grant Plaintiff's Motion for attorneys' fees and costs at the amount of $71,380.75 for attorneys' fees and $1,891.00 for attorneys' costs.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (#62) is **GRANTED**, and the Judgment in this case shall reflect an award of $73,271.75.

Signed: July 7, 2015

Max O. Cogburn Jr.
United States District Judge