UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00860-MOC-DSC

| | |
|---|---|
| **BRIDGET TAYLOR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )  ORDER |
| | ) |
| **NORTH CAROLINA DEPARTMENT OF REVENUE,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the court's own inquiry of counsel for plaintiff as a result of this court granting defendant's Motion for Remittitur (#75). Earlier, this court granted the defendant's request to remit the jury's compensatory damage award of $225,000.00 after an extensive review of the record and a determination that there was no evidence submitted that supported such award. The court further determined that the

> Seventh Amendment requires that an order of remittitur be accompanied by an offer for a new trial. Brown v. Alabama Dept. of Transp., 597 F.3d 1160, 1184 (11th Cir. 2010). Such offer is not for trial *de novo* on the underlying Title VII violation, but a trial limited to whether compensatory damages should be awarded.

Order (#75) at 8-9. The court extended such offer, which plaintiff accepted by way of filing a Motion for New Trial on Compensatory Damages (#79). In its response to that motion, the defendant requested that the court not grant a new trial on compensatory damages, but grant a new trial on all issues. Response (#82). Defendant's request for a new trial comes nearly five months after the jury returned its verdict. The court will deny the defendant's request as it is readily apparent to the court that the jury's finding of liability on plaintiff's claim of gender discrimination

-1-

is separate and apart from the finding of compensatory damages and is supported by substantial evidence of gender discrimination in the record. The court can find no evidence that would suggest that the jury's verdict was a compromise verdict. See Gries v. Zimmer, Inc., 940 F.2d 652 (4th Cir. 1991).

The court will, therefore, direct that this matter be placed on the October 19, 2015, civil jury trial calendar for a new trial limited to the issue of compensatory damages. While the default will be a jury trial, the parties should consider whether they desire a bench or jury trial on this limited matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Jury Trial on Compensatory Damages is **GRANTED**, and this matter is calendared for a jury trial, limited to the issue of compensatory damages, during the October 19, 2015, civil jury trial term. The parties are advised that they are the first case for trial on that calendar.

The Clerk of Court is instructed to call the jury venire in for trial commencing at 11:00 a.m. on October 19, 2015. Counsel shall be ready to pick a jury at that time.

Signed: September 28, 2015



Max O. Cogburn Jr.
United States District Judge